IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HAJOCA CORPORATION,<br><br>    **Plaintiff,**<br><br>v.<br><br>R&R PLUMBING, LLC,<br><br>    **Defendant.** | Case No. 23-CV-252-JFH-JFJ |

## OPINION AND ORDER

Before the Court is a motion for default judgment ("Motion") filed by Plaintiff Hajoca Corporation ("Hajoca"). Dkt. No. 19. Defendant R&R Plumbing, LLC ("R&R") has not appeared or otherwise participated in the suit. For the reasons stated, the Motion is GRANTED.

## BACKGROUND

Because clerk's entry of default has been entered, the Court takes the factual allegations of the complaint as true. *See Tripodi v. Welch*, 810 F.3d 761, 765 (10th Cir. 2016) (noting that after default is entered, "a defendant admits to a complaint's well-pleaded facts and forfeits his or her ability to contest those facts") (internal quotation marks and citation omitted); *United States v. Craighead*, 176 F. App'x 922, 924 (10th Cir. 2006)[1] ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established.") (internal quotation marks and citation omitted). The Court also accepts as true the undisputed facts alleged in affidavits and exhibits attached to the default judgment motion. *Malluk v. Berkeley Highlands Prods., LLC*, 611 F. Supp. 3d 1134, 1137 (D. Colo. 2020).

---

[1] Unpublished appellate opinions are not precedential but are cited for persuasive value. Fed. R. App. P. 32.1.

Hajoca sells plumbing materials and related items. It provides charge accounts to its customers by which customers can purchase materials and related supplies from it on credit. R&R executed a credit agreement with Hajoca in January 2013. Under the Agreement, Hajoca agreed to provide certain plumbing materials and related items to R&R on credit, and R&R agreed to pay for those materials as set forth in the agreement and related invoices.

In 2019, R&R executed a promissory note in favor of Hajoca for $727,410.11 plus interest, which covered amounts due under R&R's account that were more than 60 days past due at the time of the note's signing.[2] The note required monthly payments of just under $12,000, of which "some" have been paid but "many have not." In 2023, Hajoca accelerated the note after providing R&R with notice of its intent to accelerate. As of June 14, 2023 (one week before filing of the complaint), the note had an unpaid principal balance of $597,258.66 plus accumulated but unpaid interest. R&R also purchased materials from Hajoca on credit which were not subsumed into the note. Hajoca issued invoices for these materials, but "many" of those invoices also remain unpaid. As of the filing of the complaint, the unpaid invoices totaled $47,139.70. In total, Hajoca claims R&R owes it $644,398.36 plus interest.

In January 2023, Hajoca made written demand upon R&R to pay the amounts due, but it received no response. In June 2023, Hajoca filed this suit. R&R was served in August 2023 [Dkt. No. 13] but has never appeared or participated in the suit. Clerk's entry of default was entered in October 2023. Dkt. No. 18. This Motion followed.

---

[2] R&R's believed sole member, Jason Rudluff ("Rudluff"), executed the note both individually and on behalf of R&R. Rudluff was originally named as a defendant in this suit, but after he filed for Chapter 7 bankruptcy, Hajoca dismissed its claims against him. *See* Dkt. No. 11; Dkt. No. 19 at 1.

## AUTHORITY AND ANALYSIS

"[A] defendant's default does not in itself warrant the court in entering a default judgment." *Bixler v. Foster*, 596 F.3d 751, 762 (10th Cir. 2010) (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Courts "do not favor default judgments because the court's power is used to enter and enforce judgments regardless of the merits of the case, purely as a penalty for delays in filing or other procedural error." *Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444 (10th Cir. 1983). "However, a workable system of justice requires that litigants not be free to appear at their pleasure. We therefore must hold parties and their attorneys to a reasonably high standard of diligence in observing the courts' rules of procedure." *Id.*

Before granting a motion for default judgment, the Court must: (1) determine it has subject matter jurisdiction and personal jurisdiction over the parties, and (2) determine whether well-pleaded allegations of fact—which are admitted by the defendant upon default—support a judgment on the claims against the defaulting defendant. *See Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1202-03 (10th Cir. 1986); *Olcott v. Del. Flood Co.*, 327 F.3d 1115, 1125 (10th Cir. 2003).

I.  **Jurisdiction**

The Court "has an affirmative duty to look into its jurisdiction both over the subject matter and the parties," as "[d]efects in personal jurisdiction . . . are not waived by default when a party fails to appear or to respond." *Williams*, 802 F.2d at 1202-03. *See also Dennis Garberg & Assocs., Inc. v. Pack-Tech Intern. Corp.*, 115 F.3d 767, 771-72 (10th Cir. 1997) ("We have noted earlier that judgment by default should not be entered without a determination that the court has jurisdiction over the defendant.").

Federal courts have subject matter jurisdiction of all civil actions where the matter in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a)(1). The amount in controversy set out in the complaint, Motion, and exhibits easily satisfies the $75,000 threshold. Complete diversity of citizens is also present, as Hajoca is a citizen of Maine and Pennsylvania and R&R is a citizen of Oklahoma.[3] Subject matter jurisdiction is proper.

"In diversity cases, federal courts have in personam jurisdiction as permitted by state law, consistent with the Fourteenth Amendment's due process requirement." *Trierweiler v. Croxton & Trench Holding Corp.*, 90 F.3d 1523, 1532 (10th Cir. 1996). State courts possess general jurisdiction over defendants who are "'essentially at home' in the State." *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1024 (2021). "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home." *Goodyear Dunlop Tires Ops., S.A. v. Brown*, 564 U.S. 915, 919 (2011). However, "neither the Supreme Court nor a circuit court of appeals has directly addressed whether the type of artificial entity—including an LLC—affects the 'at home' analysis." *Avus Designs, Inc. v. Grezxx, LLC*, 644 F. Supp. 3d 963, 977 (D. Wyo. 2022). The Court chooses to follow *Avus* and find that R&R is "essentially at home"

---

[3] Hajoca is a corporation, so its citizenship is determined by its state of incorporation and the state where its principal place of business is located. *Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 905 (10th Cir. 2015). However, the "Supreme Court has firmly resisted extending that treatment to other entities." *Id.* (quotation omitted). R&R is an LLC. These unincorporated entities are treated as partnerships for citizenship purposes and are citizens of every state in which any of their members are citizens. *Mgmt. Nominees, Inc. v. Alderney Inv., LLC*, 813 F.3d 1321, 1324-25 (10th Cir. 2016) (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990)); *Siloam Springs Hotel, L.L.C. v. Century Surety Co.*, 781 F.3d 1233, 1237-38 (10th Cir. 2015). Upon Hajoca's information and belief, R&R has one member, who is an Oklahoma citizen, and thus R&R itself is an Oklahoma citizen for diversity jurisdiction purposes.

in the state of its organization: Oklahoma.[4] General jurisdiction thus exists, and personal jurisdiction is proper.

## II. Rule 55

Once the Court has confirmed its jurisdiction, Federal Rule of Civil Procedure 55 sets out a two-step process for a default judgment. First, if "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Hajoca obtained a clerk's entry of default in October 2023. Dkt. No. 18.

Next, generally the plaintiff must apply to the Court for a default judgment. Fed. R. Civ. P. 55(b)(2).[5] The decision whether to enter a default judgment is within the Court's discretion, but there must be sufficient basis in the pleadings for the judgment entered. *Olcott*, 327 F.3d at 1124; *Bixler*, 596 F.3d at 762. This is generally interpreted to mean that the well-pled facts of the complaint, if taken as true, must state a claim for relief. 10A Wright & Miller, Fed. Prac. & Proc. Civ. § 2682 (4th ed.). "A court may enter a default judgment without a hearing if the amount claimed is a liquidated sum or one capable of mathematical calculation." *Venable v. Haislip*, 721 F.2d 297, 300 (10th Cir. 1983).

Hajoca brings claims against R&R for breach of promissory note, open account, breach of contract, quantum meruit, and unjust enrichment (as well as a request for attorney fees couched as

---

[4] The *Avus* court "recognize[d] the tension between treating an LLC like a corporation for general personal jurisdiction purposes, and the Tenth Circuit's explicit pronouncement . . . that an LLC is *not* a corporation for the purpose of diversity [subject matter] jurisdiction." 644 F. Supp. 3d at 978 (emphasis in original). However, it presented multiple reasons why the distinction was appropriate. *See id.* at 978-82.

[5] While the Motion has one reference to requesting the court clerk, not the Court, enter default judgment, this procedure is disfavored in this District. *See* LCvR 58-1. Instead, the Court construes the Motion as one requesting *it* enter default judgment.

its own claim). Dkt. No. 2. The allegations of the complaint and the affidavits attached to the Motion establish that R&R was obligated under the parties' note and various invoices to pay Hajoca a mathematically calculable amount of $644,398.36 in principal and has failed to do so. This states a claim for relief and default judgment is proper.

**III.    Interest and Attorney Fees**

Hajoca requests pre-judgment and post-judgment interest at the rate of 10% *per annum* under the parties' note and 18% *per annum* under the parties' account. Dkt. No. 19 at 5. The parties' note indeed establishes a rate of 10% *per annum*. Dkt. No. 19-1 at 10. Hajoca does not explain how it derived an 18% interest rate under the parties' account. The agreement submitted is barely legible. Dkt. No. 19-1 at 8-9. However, the closest that the Court can discern to an interest amount set forth in it is a statement that "Applicant acknowledges and agrees that it will be charged one percent (1%) per month as a service charge plus up to the maximum interest allowed by law on [illegible] balance that has not been paid by the 25th day of the month following the month in which the material was delivered." *Id.* at 8. Hajoca also requests attorney fees of $25,292.99 plus additional fees "in the event of a pleading or appeal." Dkt. No. 19 at 5.

State law applies to determination both of pre-judgment interest and attorney fees, while federal law applies to determination of post-judgment interest. *Yousuf v. Cohlmia*, 741 F.3d 31, 46 (10th Cir. 2014) (pre-judgment interest); *Chieftain Royalty Co. v. Enervest Energy Institutional Fund XIII-A, L.P.*, 888 F.3d 455, 461 (10th Cir. 2017) (attorney fees); *Everaard v. Hartford Acc. & Indem. Co.*, 842 F.2d 1186, 1193 (10th Cir. 1988) (post-judgment interest). Pursuant to 28 U.S.C. § 636(b)(1), the Court will refer this matter to a United States Magistrate Judge for report and recommendation on the issues of interest and fees.

## CONCLUSION

IT IS THEREFORE ORDERED that the Motion [Dkt. No. 19] is GRANTED. Default judgment in a principal amount of $644,398.36 shall be entered against Defendant R&R Plumbing, LLC.

IT IS FURTHER ORDERED that the Motion is REFERRED to Magistrate Judge Jodi F. Jayne for report and recommendation on interest and fees.

DATED this 1st day of May 2024.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE